UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **HOWARD MACK HARRIS** | **CIVIL ACTION NO. 09-1047** |
| **BOP #07837-033** | |
| **VS.** | **SECTION P** |
| | **JUDGE MINALDI** |
| **U.S. DEPARTMENT OF JUSTICE, ET AL.** | **MAGISTRATE JUDGE KAY** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff, Howard Harris, Federal Register Number 07837-033, proceeding *in forma pauperis*, filed the instant civil rights complaint on June 18, 2009, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in accordance to 28 U.S.C. § 1331. At the time of filing, was incarcerated at Calcasieu Correctional Center, Lake Charles, Louisiana, but complained of events that occurred at FCI-Oakdale (FCIO), Oakdale, Louisiana, and at USP-Florence (USPF), Colorado. He has subsequently been transferred to USP-Pollock (USP-P), Pollock, Louisiana.

Plaintiff sues approximately sixty-four (64) defendants. As relief, plaintiff seeks "inflicted negligence damages, emotional damages, punitive damages, and other monetary damages." He prays for an award of $6,079,770.19.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Background*

Plaintiff's original complaint, while lengthy, provided little useful information. He very

broadly claimed that a number of his civil rights had been violated. Doc. 1. Among these were the failure to appoint an attorney for him upon his arrival at FCIO; being subjected to "unfair treatment of being housed and confined at low-med level F.C.I. Oakdale, from U.S.P. Florence Colorado for a [riot] in which I've been further harassed since out...."; being "threatened to stay out of legal law library &... hindered from redressing grievances...at FCIO..." Doc. 1. p, 1-4. Plaintiff also complained about various conditions of confinement including: cigarette ashes in his french fries; receiving food that was improperly wrapped; the denial of medication after being constipated for a week; financial and physical abuse; having property stolen from him; sexual harassment; missed showers, and racial conflicts.[1]

  Based on the insufficient information contained in plaintiff's original petition, this court issued a memorandum order, directing plaintiff to amend his complaint and cure the noted deficiencies. Doc. 23. In the memorandum order plaintiff was advised, among other things, that he needed to plead specific facts to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure. Doc. 23, p. 2-3. He was also informed that in regard to his conditions of confinement claims, he must allege facts which satisfy both an objective (sufficiently serious deprivation) and subjective (sufficiently culpable state of mind) component. *Id*. Along these lines, plaintiff was advised that his confinement claims did not rise to the level of a constitution violation. Doc. 23, p. 7. Likewise, plaintiff was informed that his claims regarding his personal property, grievances, and use of force were insufficient to state a claim. Doc. 23, p. 7-8. He was

---

[1] The court notes that plaintiff filed a responsive pleading on January 18, 2011 in which he asserted new claims. Many of plaintiff's claims extend to his arrival at FCIO on June 9, 2008, and even to his prior imprisonment at USPF. Thus, it appears that the majority of plaintiff's claims may be time-barred by the applicable (Louisiana and Colorado) statute of limitations.

also advised that as to the defendants named in their supervisory capacity, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. Doc. 23, p. 4. Finally, plaintiff was advised that neither the U.S. Department of Justice nor the Federal Bureau of Prisons were juridical entities capable of being sued. Doc. 23, p. 3-4.

Plaintiff filed a response to the memorandum order on January 18, 2011, and June 9, 2011. Doc. 25; Doc. 26. These additional documents provided the court with almost none of the requested information. In fact, it appears that plaintiff merely added an unsubstantiated claim regarding lack of recreation at CSP as well as a claim of excessive force at CSP.

*Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the following reasons, that the complaint should be denied and dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted.

### *Law and Analysis*

Almost without exception, plaintiff's pleadings fail to support his claims with specific facts demonstrating constitutional deprivations. His claims are merely conclusive allegations on which plaintiff can not rely. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The pleadings are basically devoid of information on what the majority of his 64 defendants did to violate his constitutional rights. Although instructed to do so, plaintiff does not give dates, names, details, or injuries suffered as a result of his claimed violations.

More specifically, in regard to his claims of cigarette ashes in his french fries; receiving food that was improperly wrapped, improper housing, lack of recreation, and missed showers, plaintiff fails to state a claim upon which relief can be granted. Such claims asserted by convicted prisoners, are analyzed under the Eighth Amendment. In order to prevail on such a claim, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer,* 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (quotation

omitted).  His allegations do not rise to the level of an Eighth Amendment violation.  Plaintiff's conclusory allegations make it clear that he was not denied anything close to a minimal measure of life's necessities and therefore does not state a cause of action in this regard.

Likewise, his claim that he was denied medication after being constipated for a week is insufficient.  Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447,458-59 (5th Cir. 2001). " [T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (emphasis supplied).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course

of treatment offered my the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*.

In the instant case, plaintiff claims that he was not given medication for constipation in a timely manner. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere

in the internal affairs of a prison. *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs. The evidence before the court simply does not support a finding of deliberate indifference. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim upon which relief can be granted.

Further, plaintiff complains that his grievances were not properly responded to. Such allegations do not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637 (W.D. La. 2000) (citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991)). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that the defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, any argument by plaintiff that his grievances were not adequately addressed lacks an arguable basis in law and should be dismissed as frivolous**.**

Plaintiff also failed to provide the court with additional information concerning his briefly mentioned threats to stay away from the law library. To be viable, this action must have denied him meaningful access to the courts.

Prisoners are guaranteed the right of access to the courts by the Untied States Constitution. However, in this action, plaintiff's claims do not rise to the level of a constitutional violation. In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also*, *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "[i]t encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement." ' *Id*. at 310-311 (quoting *Lewis v. Casey*, 518 U.S. 343 (1996)). In *Lewis v. Casey*, the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. , 518 U.S. at. 355. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id*.

Further, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis*, at. 356. ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-

frivolous legal claims challenging their convictions or conditions of confinement.")  "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993); *see also Lewis v. Casey*, 518 U.S. at 349-355; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996).  The Supreme Court in *Lewis*, explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury"--i.e. that the denial of access "hindered his efforts to pursue a legal claim." 518 U.S. at 351; *see also McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), cert. denied, 504 U.S. 988 (1992) (If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

Plaintiff has not demonstrated that he has been hindered in his ability to pursue a legal claim. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted**.**

To the extent that plaintiff claims that the threats alleged above were done as acts of retaliation for filing lawsuits or using the grievance system, those claims must fail.  It is well

established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). However, as the Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *Woods v. Smith*, 60 F.3d at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166) *cert. denied*, 522 U.S. 995 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084 (1996)).

Here plaintiff fails to offer anything more than conclusory allegations in support of this claim. As previously stated, conclusory allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. In the present case, plaintiff's allegations of retaliation are insufficient to state a claim under this cause of action. For this reason, plaintiff's claim for retaliation should fail**.**

Plaintiff also did not provide additional information concerning his broad claim that personal property was stolen from his cell. Plaintiff claims in this regard would fall within the parameters of the Federal Tort Claims Act. Citing *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) and *Ojo v. INS*, 106 F.3d 680 (5th Cir. 1990), the FTCA provides a limited waiver of federal sovereign immunity and allows the United States to "be liable [ ... ]in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Furthermore, the FTCA is the exclusive remedy available to claimants for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 2679.

However, plaintiff has not provided the court any factual information in which to support conclusory allegations that any of the named defendants (or any government staff) took anything from plaintiff's cell. For the above reasons, plaintiff's claims under the FTCA should be dismissed.

Likewise, plaintiff's broad statements of racial conflicts and sexual harassment while housed at either federal facility are vague and unsubstantiated. Plaintiff does not specify how he has been subjected to such treatment. He does not give the details of any such incidents (i.e. individuals involved, explanation of the incident, date of the incident, damages incurred by plaintiff, etc.). Thus, these claims should be dismissed.

The only claim that plaintiff has provided specific information on is his excess use of force claim for events occurring at CSP (a claim not advanced in his original complaint). More specifically, it appears that in March, 2010, plaintiff refused to allow CSP officials to place

another inmate in his cell. Plaintiff states that he acted in that manner because of security issues, namely that he had already been jumped in another cell. In regard to the specific incident, plaintiff states that he was first tased by Sheriff Fontenot and was tased again as Lt. Charles Ipes held him down with both hands. Plaintiff admits that he was held down because he would not stop talking because the officer put his finger in plaintiff's face telling him to shut up. Plaintiff filed an ARP on the incident. The response stated that the video from the taser device and the video from the cell had been reviewed. It was noted that the first taser deployment did not make contact with plaintiff but that he continued to resist by not following verbal orders. The response stated that he was stunned with the taser again so that the officers could get him under control.

For excessive force claims brought by prisoners, " '[t]he core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992); accord *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993); *Bender v. Brumley*, 1 F.3d 271, 277 (5th Cir. 1993). The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson,* 503 U.S. 1 (1992). A use of force which is not "repugnant to the conscience of mankind," is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*. *Whitley v. Albers*, 475 U.S. 312, 327 (1986)

In this case, plaintiff's admits that he refused to allow officers to put another inmate in his cell and that he was being disruptive. He did not stop yelling even after the failed first taser

13

attempt. There is no doubt that use of force in this case was not "repugnant to the conscience of mankind," and does not fall with the Eighth Amendment's prohibition of cruel and unusual punishment. Thus, plaintiff's claim of excessive use of force should be dismissed.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2) .

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE